UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. GONZALES,<br><br>Appellant,<br><br>v.<br><br>ROBERT N. KITAY, et. al.,<br><br>Appellees. | No. 2:17-cv-01916 TLN AC PS BK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Appellant is proceeding in this bankruptcy appeal pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Appellant has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). ECF No. 2. The motion to proceed IFP will therefore be GRANTED.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").[1]

---
[1] The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

1

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### A. The Complaint

Appellant appeals a decision from the United States Bankruptcy Court of the Eastern District of California denying a motion to compel debtors Robert Norik Kitay and Tristina Coffin Kitay to respond to (and for sanctions for not responding to) post-judgment interrogatories filed August 3, 2017. ECF No. 1 at 2. The bankruptcy court denied the motion because the adversary proceeding was closed, and it was not re-opened before the motion was filed. Id. (Order of the bankruptcy court dated August 29, 2017). In his Complaint, appellant states that on April 18, 2014 he obtained a non-dischargeable judgment from the Bankruptcy Court. Id. at 6. The adversary proceeding closed on March 29, 2016. Id.

Appellant seeks declaratory and injunctive relief, arguing that the bankruptcy court abused its discretion in rejecting his post-judgment motion. Id. at 7. Plaintiff also asks this court for a ruling as to whether the district court has sole subject matter jurisdiction over civil rights and bill of attainder claims such that a separate complaint for damages, predicated on the bankruptcy case, could be filed outside the closed adversary bankruptcy proceeding. Id. at 8.

### B. Analysis

United States District Courts have jurisdiction to hear appeals from final judgments of the bankruptcy courts. See 28 U.S.C. § 158(a)(1); In re City of Desert Hot Springs, 339 F.3d 782, 787 (9th Cir. 2003). The Ninth Circuit has defined a final decision in the bankruptcy context as one that "'ends the litigation on the merits and leaves nothing for the court to do but [execute the] judgment.'" In re Martinez, 721 F.2d 262, 265 (9th Cir. 1983) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). On appeal, the district court reviews the bankruptcy court's findings of fact for clear error and reviews its conclusions of law de novo. See Fed. R. Bankr. P. 8013(a); In re Int'l Fibercom, Inc., 503 F.3d 933, 940 (9th Cir. 2007).

With respect to appellant's claim that the bankruptcy court abused its discretion in

denying his post-judgment motion, the court finds that appellant cannot state a claim for relief. It is clear from the bankruptcy court's order, which is incorporated into the Complaint, that appellant's motion was rejected because he had not moved to re-open the case before he filed his motion. ECF No. 1 at 1; 11 U.S.C. § 350(b); Fed. R. Bankr. 5010. Plaintiff asserts that bankruptcy courts can sua sponte re-open estates, and argues that it was an abuse of discretion for the bankruptcy court not to do so in this cases. ECF No. 1 at 7. Plaintiff relies on Schofield v. Moriyama, 24 F.2d 473, 475 (9th Cir. 1928), which states in pertinent part that, with respect to re-opening a bankruptcy estate, "the important requisite [is] only that in some competent manner the court be convinced that there are unadministered assets belonging to the estate. It may very well be that, if so satisfied, whatever the source of the information, the court could make a reopening order sua sponte." This is not a mandate that the bankruptcy court must sua sponte re-open a bankruptcy estate, or entertain a post-judgment discovery motion in a closed case.

Plaintiff alternatively argues that the court should enter a declaratory judgment that re-opening is not required, but none of the law cited supports this proposition. See White v. Boston,104 B.R. 951, 954 (S.D. Ind., Aug. 31, 1989) (reasoning that a trustee from a closed bankruptcy case has an interest in moving to re-open the case); In re Beezley, 994 F.2d 1433, 1434 (9th Cir. 1993) (bankruptcy court did not abuse its discretion in refusing to re-open case); In re Menk, 241 B.R. 896, 902 (B.A.P. 9th Cir. 1999) (debtor appealed re-opening of a bankruptcy case, court dismissed finding the appeal was moot and because the debtor lacked standing). Accordingly, plaintiff's claim of abuse of discretion must be DISMISSED with prejudice. Leave to amend is not warranted because the facts of this case indicate amendment would be futile.

With respect to appellant's second claim, appellant does not appeal a decision of the bankruptcy court or state any legal grounds for relief. Appellant essentially asks the court for a hypothetical ruling or legal advice regarding potential future legal action, and the court cannot engage in such an exercise. Insofar as appellant seeks an answer to his question in the form of a declaratory judgment, the Declaratory Judgment Act does not allow the court to issue advisory opinions. 28 U.S.C. § 2201(a), MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 139 (2007) ("Our decisions have required that the dispute be definite and concrete, touching the legal

relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.") (internal citations omitted). The court cannot answer appellant's hypothetical legal question or give him unrelated legal advice as part of his bankruptcy appeal, and his claim for declaratory relief must be DISMISSED. Amendment cannot save this cause of action.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Appellant's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

IT IS HEREBY RECOMMENDED as follows:

The complaint (ECF No. 1) should be DISMISSED because it fails to state a claim upon which relief can be granted. Under the circumstances presented in this case, the undersigned finds that amendment would be futile, and appellant's claims should be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: September 27, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE